## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD WALLEMAN,

        Petitioner,        Case Number: 2:09-CV-10330

v.        HONORABLE STEPHEN J. MURPHY, III

SHERRY BURT,

        Respondent.
_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Ronald Walleman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Walleman is currently incarcerated pursuant to convictions for assault with intent to commit criminal sexual conduct and second-degree criminal sexual conduct, rendered in different counties. In this petition, he challenges the sentence imposed for the assault with intent to commit criminal sexual conduct conviction. For the reasons set forth below, the Court denies the petition.

**I.**

In May 2003, Walleman pleaded guilty in Macomb County Circuit Court to assault with intent to commit sexual penetration. He was sentenced to five years probation, with the first year to be served in the Macomb County Jail. As a condition of Walleman's probation, he was prohibited from being around children. On August 31, 2005, Petitioner was charged with a probation violation when he was charged with second-degree criminal sexual conduct (person under 13) in Monroe County Circuit Court.

On December 14, 2005, Petitioner pleaded guilty in Macomb County Circuit Court

to the probation violation. On March 16, 2006, he was sentenced to 38 months to fifteen years' imprisonment.

Walleman filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. Defendant is entitled to be resentenced because the trial judge failed to state sufficient objective and verifiable reasons, that are not already taken into account in the sentencing guidelines, to support the deviation above the recommended range of the guidelines; and even if the reasons for deviation are permissible they did not support the disproportionate extent of the upwards deviation.
>
> II. This matter should be remanded for re-sentencing because the objections made by the defendant's attorney to specific material in the pre-sentence report were never ruled on by the court and the judge did not say that she was not considering the objected to material in her sentence.
>
> III. The defendant is entitled to a re-sentencing and a new pre-sentence report because the probation officer failed to include a specific recommendation for disposition in violation of M.C.R. 6.245A(11).

The Michigan Court of Appeals denied leave to appeal. *People v. Walleman*, No. 277492 (Mich. Ct. App. June 13, 2007).

Walleman filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Walleman*, No. 134582 (Mich. Dec. 28, 2007).

Walleman then filed the pending habeas corpus petition. He raises the following claims:

> I. Sentence was illegally imposed where trial judge exceeded the guidelines without substantial reasons.
>
> II. Sentence has been enhanced on the basis of false information in the PSI.
>
> III. Inaccurate information – trial judge erred in failing to acknowledge allegations of defendant.

**II.**

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

**III.**

**A.**

Respondent argues that a portion of Walleman's first claim, that related to an alleged violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is unexhausted. A petitioner must exhaust his state court remedies prior to seeking federal habeas relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. §§ 2254(b)(1)(A) & 2254(c). A petitioner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Tornik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane, 516 U.S. 99,* (1995); *see also Prather v. Rees,* 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").

A federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies for all his claims. 28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), *cert. denied*, 503 U.S. 922 (1992) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). The Court has concluded that Walleman's *Apprendi*-related claim does not warrant habeas corpus relief. Accordingly, in the interests of efficiency and justice, the Court will address Walleman's claim rather than dismiss the petition on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain*, 947 F.2d at 819 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

**B.**

All of the issues raised in the pending petition raise claims relate to alleged sentencing errors.

First, Walleman argues that his sentence is illegal because the trial judge departed upward from the sentencing guidelines absent substantial and compelling reasons and because the upward departure was based upon facts not found by a jury or admitted by Walleman. The guidelines range was 5 to 23 months for the minimum sentence. Walleman was sentenced to a minimum sentence of 78 months' imprisonment.

Under Mich. Comp. Laws § 769.34(3), a trial court must provide substantial and compelling reasons for departing from state sentencing guidelines. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich.2001); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Thus, this claim is not cognizable on federal habeas review.

Walleman also claims that the sentencing judge exceed the guidelines based upon facts not found by a jury or admitted by him. In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond

5

a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including first-degree criminal sexual conduct. The maximum term of imprisonment is set by law. *People v. Drohan*, 475 Mich. 140, 160-61 (2006).

In *Blakely v. Washington*, 543 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Walleman's crime. Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate the petitioner's constitutional rights. *Chontos v. Berghuis*, 585 F.3d

6

1000, 1002 (6th Cir. 2009).[1]

In his second and third claim, Walleman argues that he was sentenced on the basis of false information in the Pre-Sentence Investigation Report (PSIR), that he did not have an opportunity to challenge the PSIR, and that the sentencing judge failed to rule on the objections to the PSIR advanced by defense counsel.

A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and,

---

[1] The Supreme Court has granted certiorari in a case involving fact-finding that increased a defendant's minimum sentence. *United States v. O'Brien*, --- U.S. ----, 130 S. Ct. 49, 174 L.Ed.2d 632 (2009). However, regardless of what happens in *O'Brien*, it is unlikely to impact the petitioner's case. In *Arias v. Hudson*, 589 F.3d 315 (6th Cir. 2009), the Sixth Circuit Court of Appeals addressed a case similar to the instant case and reached the following conclusion regarding the potential impact of *O'Brien*:

> [T]his Sixth Amendment reality remains: At the time the judge imposed [the petitioner's] sentence, the Supreme Court treated judicial fact-finding differently depending on whether it affected the minimum sentence faced by a defendant or the maximum sentence for which the defendant was eligible. Because the courts have not treated *Blakely* or *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as changes in law that should be applied retroactively to cases whose direct appeal concluded before their announcement, we see little prospect that the courts will apply any such (potential) change in the law retroactively to [the petitioner]. *Cf., e.g., Duncan v. United States*, 552 F.3d 442, 447 (6th Cir.2009) (holding that Booker does not apply retroactively to cases pending at the time of Blakely ).

*Id.* at 318.

second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988).

Walleman fails to identify with any specificity the allegedly incorrect information upon which the score was based. Walleman's defense counsel had an opportunity to challenge the PSIR and to contest the scoring of the prior record variables, the offense variables, and other relevant factors during the sentencing proceedings. Counsel objected to two items contained in the PSIR. Walleman argues that the trial court incorrectly failed to rule on the objections and, accordingly, must have based the sentence on these two items. Walleman fails to identify any Supreme Court precedent requiring a sentencing judge to specifically rule on objections to a PSIR, and the Court is aware of no such precedent. Additionally, Walleman has failed to show that the objected-to items were inaccurate. Walleman's claim of inaccurate information falls far short of the egregious circumstances implicating due process. Habeas relief is not warranted on this claim.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability. The Court also denies Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**V.**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 16, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 16, 2010, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager